**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

**NOAH STEFFY** **PLAINTIFF**

**v.** **Case No. 2:26-CV-02082-DCF**

**CITY OF FORT SMITH, *et al.*** **DEFENDANTS**

**ORDER ADOPTING THE REPORT AND RECOMMENDATION**

Before the Court is a Report and Recommendation (Doc. 7) issued on July 31, 2026, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. On preservice screening, Magistrate Judge Ford recommends that Plaintiff Noah Steffy's Complaint be stayed pending resolution of his current state criminal case per the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). On August 10, 2026, Plaintiff Noah Steffy filed Objections to the Report and Recommendation (Doc. 8), which triggered this Court's *de novo* review of the entire record.

After careful review, the Court concludes that the Report and Recommendation should be, and hereby is, approved and adopted in all respects and in its entirety as this Court's findings. For the reasons given below, the Report and Recommendation is **ADOPTED IN ITS ENTIRETY** and Plaintiff's objections are overruled.

## I. BACKGROUND

Plaintiff has not objected to the background summarized in the Report and Recommendation. Therefore, after a considered review of the case, the Court adopts the initial background as provided in the Report and Recommendation and outlines the relevant events following the filing of Plaintiff's Objection on August 10, 2026.

Plaintiff filed a Notice on August 26, 2026, informing the Court of recent developments in his parallel state case. (Doc. 9). Plaintiff asserts that the original city prosecutor was removed from the case due to impartiality concerns and a special prosecutor was appointed who agreed to dismiss the charges if Plaintiff did not incur any further charges for one year. (*Id.* at 2).

Plaintiff then filed a Motion for a Temporary Restraining Order (TRO) on August 27, 2026, alleging irreparable harm due to an escalating event by Fort Smith Police. (Doc. 10). In his Motion, Plaintiff asserts that officers came to his residence on July 9, 2026, under "false pretenses" of reading a water meter to "intimidate and terrorize" his minor children. (*Id.* at 3). He alleges that the interaction where officers "banged on the window near [Plaintiff's] front door" resulted in trauma to his minor children. (*Id.*). Following this incident, he states that his family was forced to vacate their home and relocate to an undisclosed location due to safety concerns. (*Id.* at 3-4).

On August 28, 2026, Plaintiff filed a second notice alleging that, when he and

his children returned home on August 27, 2026, to collect belongings, "armed" Fort Smith Animal Control Officers arrived and demanded access to Plaintiff's residence. (Doc. 12, pp. 1-2). According to Plaintiff's Notice, the officers attempted to verify that he "did not possess more dogs than permitted" and threatened to arrest him if "he did not comply." (*Id.* at 2).

Then, on September 3, 2026, Plaintiff filed a third notice (Doc. 13), reiterating the allegations in the first notice (Doc. 9). On September 4, 2026, Plaintiff filed a Notice of Escalation (Doc. 14) to reiterate the need for his TRO and to bring the Court's attention to his three previous notices. The Defendants in this matter have not filed a response to the Plaintiff's Complaint or Notices. The matter is now ripe for consideration.

## II. LAW

The *Younger* doctrine instructs "federal courts to abstain from accepting jurisdiction in cases where granting [equitable relief] would interfere with pending state proceedings involving important state interests." *Brown v. Crossett Police Dep't*, No. 20-01048, 2020 WL 7365315, at *2 (W.D. Ark. Dec. 15, 2020) (quoting *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 477 n.1 (8th Cir. 1998)). The *Younger* abstention is "based on a longstanding public policy against federal court interference with pending state judicial proceedings." *Ronwin v. Dunham*, 818 F.2d 675, 677 (8th Cir. 1987).

## III. DISCUSSION

In the Objections to the Report and Recommendation, Plaintiff makes four primary arguments: 1) the Report and Recommendation's dismissal is inapplicable because of bad faith and inadequate forum exceptions; 2) the Report and Recommendation did not address the First Amendment retaliation claims; 3) there are cognizable Fourth and Fourteenth Amendment allegations; and 4) municipal liability exists under *Monell*. The Court addresses each in turn.

### A. Bad Faith and Inadequate Forum Exceptions

First, Plaintiff argues that the *Younger* abstention is "inapplicable because the bad faith [] exception" applies. (Doc. 8, p. 4). For purposes of *Younger*, "bad faith means a showing that [a] statute was enforced with no expectation of convictions, but only to discourage a plaintiff's exercise of protected rights." *Phelps-Roper v. Heineman*, 710 F.Supp.2d 890, 903 (D. Neb. 2010); *Kugler v. Helfant,* 421 U.S. 117, 124 (1975). Under this exception, a "plaintiff must demonstrate that he or she suffered or may suffer "irreparable injury" that is "great and immediate." *Postscript Enterprises, Inc. v. Peach*, 878 F.2d 1114, 1116 (8th Cir.1989) (quoting *Younger*, 401 U.S. at 46).

"*Younger's* bad faith exception is extraordinarily rare, and applies only in truly exceptional circumstances, such as where the state court is clearly incompetent to adjudicate the issues by reason of bias." *P.G. v. Ramsey Cnty*, 141 F. Supp. 2d 1220, 1229 (D. Minn. 2001) (citing *Gibson v. Berryhill*, 411 U.S. 564,

577 (1973)). While "a federal court should not abstain if there is a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate," the Court finds no reason for abstention here. *See Curd v. City of Searcy*, 739 Fed. Appx. 359, 360 (8th Cir. 2018) (referencing *Plouffe v. Ligon*, 606 F.3d 890, 893 (8th Cir. 2010)).

In support of his argument, Plaintiff outlines his charges brought by the City of Fort Smith (Doc. 8, p. 4); his interactions with the Fort Smith Police Department on July 9, 2026 (Doc. 10, p. 3); and the encounter with Fort Smith Animal Control on August 27, 2026 (Doc. 12, pp. 1-2). In the Court's opinion, these actions do not meet the high bar required under the bad faith exception's extraordinary circumstances.

For example, in *Tony Alamo Christian Ministries*, plaintiffs alleged that "[d]efendants violated their constitutional rights, including those under the First and Fourth Amendments—and did so in bad faith—by seizing the minor children [] [and] impos[ed] certain conditions on the parents in order to regain custody of their children." *Tony Alamo Chirstian Ministries v. Selig*, 664 F.3d 1245, 1247 (8th Cir. 2012). However, the Eighth Circuit found that the "bad faith" exception was not met by those circumstances. *Id.* at 1254. Moreover, the Eighth Circuit has not provided clear instructions regarding what constitutes bad faith and even the Supreme Court "has never directly applied the exception in such a case." *Id.* (quoting *Aaron v. Target Corp.,* 357 F.3d 768, 778 (8th Cir.2004)).

Here, Plaintiff's facts, including officers coming to his home, come nowhere near to the severity of the actions outlined in *Tony Alamo Christian Ministries*. While the Court recognizes Plaintiff may feel he was personally "persecuted by the [underlying warrant and actions of the police] there is no evidence to suggest that the proceeding [was] so fundamentally biased or unfair as to rise to the level of *Younger's* bad-faith exception and to warrant federal court interference." *See P.G. v. Ramsey Cnty*, 141 F.Supp.2d 1220, 1229 (D. Minn. Apr. 27, 2001).

Plaintiff also alleges that the *Younger* abstention is "inapplicable because the [] inadequate forum exception" applies. (Doc. 8, pp. 4-5). Plaintiff maintains that that the State's prosecution "has actively threatened [him] with incarceration if he attempts to raise constitutional defenses." (*Id.* at 4). In support of his argument, Plaintiff cites to *Middlesex County*, which found that "where vital state interests are involved, a federal court should abstain unless state law clearly bars the interposition of the constitutional claims." *Middlesex Cnty Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (quoting *Moore v. Sims*, 442 U.S. 415, 426 (1979)). However, Plaintiff has not alleged any state law that bars constitutional claims nor has Plaintiff alleged specific facts where the state barred his attempt to raise a constitutional defense. Therefore, the Court finds no facts sufficient to support these allegations. As such, the inadequate forum exception does not apply here.

**B. First Amendment Retaliation Claims Under the Petition Clause**

In his Objections, Plaintiff alleges that his "circulation of a petition to change the form of city government" led to an initial warrant for his arrest and the subsequent actions that occurred at his residence. (Doc. 8, p. 5). The Court finds no support for this allegation in the record.

The "bad faith and harassment exception to the *Younger* abstention doctrine [] appli[es] when criminal prosecutions are instituted for impermissible purposes." *Lewellen v. Raff*, 843 F.2d 1103, 1112 (8th Cir. 1988). Such impermissible purposes include "serious prosecutorial misconduct such as bringing charges with no reasonable expectation of valid conviction or attempting to chill first amendment expression." *Ledbetter v. Oller*, No. 19-4075, 2019 WL 3797359, at *2 (W.D. Ark. Aug. 12, 2019) (referencing *Lewellen*, 843 F.2d at 1112 n.10)).

In support of his assertion, Plaintiff only provides a copy of a news article discussing the petition. (Doc. 8, Exhibit 3(a), 3(b), and 3(c)). After carefully reviewing the record to date, the Court finds insufficient evidence to support the serious prosecutorial misconduct exception with respect to the *Younger* abstention. Specifically, there are no facts to connect the article in Plaintiff's exhibits to the charges he alleges were falsified, nor is there any evidence that no valid conviction is expected. Rather, he simply says that the original prosecutor was removed due to "impartiality concerns." (Doc. 9, p. 3). But the case remains active with Plaintiff on a probationary period for the next year, which he has confirmed on the record.

(*Id.* at 3-4). Therefore, the Court finds no serious prosecutorial misconduct or an attempt to chill First Amendment expression. As such, the bad faith and harassment exception to the *Younger* abstention cannot be applied here.

**C. Fourth and Fourteenth Amendment Claims**

In Plaintiff's third argument, he alleges violations under the Fourth Amendment for "seizure without probable cause" and "violation of his Due Process rights under the Fourteenth Amendment." (Doc. 8, p. 6). Where the Plaintiff has the opportunity "to raise federal issue[s]" in "state proceedings" and "if there is [an] adequate opportunity in the state proceedings to raise constitutional challenges," the *Younger* abstention is proper. *See Norwood v. Dickey*, 409 F.3d 901, 902-03 (8th Cir. 2005); *see also Gillette v. N. Dakota Disc. Bd. Couns.*, 610 F.3d 1045, 1047 (8th Cir. 2010).

In his Complaint, Plaintiff alleges that exculpatory evidence existed, and this was ignored by the Prosecutor and Fort Smith Officers leading to a warrant issued for his arrest that was not based on probable cause in violation of his Fourth Amendment rights. (Doc. 8, p. 6). For his Due Process Claim, Plaintiff alleges that his rights were violated under the Fourteenth Amendment because he never received notice of the animal cruelty charge and only learned of it through the Report and Recommendation. (Doc. 8, p. 6).

After careful consideration, the Court finds that the Plaintiff has adequate opportunity to raise his constitutional claims in the parallel state proceedings.

While Plaintiff argues in his Notices (Docs. 9, 13) that the state charges will be dismissed, this is incorrect as the Plaintiff was placed on probation rather than receiving an outright dismissal. These details, combined with Plaintiff's lack of showing any statute or policy that would prevent him from bringing his constitutional claims indicate that the state proceedings "afford[] an adequate opportunity [for the Plaintiff] to raise the federal questions []." *See Gillette*, 610 F.3d at 1048; *see also Norwood* 409 F.3d at 902-03 (stating that Plaintiff "had an opportunity in the state proceedings to raise the federal issue," therefore, "the Younger abstention was proper."). Therefore, the Court finds there are no Fourth or Fourteenth Amendment violations that would warrant an exception to the *Younger* abstention.

**D. Municipal Liability Under Monell**

In his final Objection argument, Plaintiff alleges a "multi-year pattern of harassment" by the Defendants that triggers municipal liability under *Monnell*. (Doc. 8, pp. 6-7 (citing *Monnell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978))). "A municipality may be liable under section 1983 if it, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." *Seeling v. Ramsey Cnty*, No. 24-01732, 2025 WL 835761, at *3 (D. Minn. March 17, 2025) (quoting in part 42 U.S.C. § 1983; *see also Monnell*, 436 U.S. at 690–91). Further,

"municipal liability exists only where the municipality itself causes the constitutional violation. *Seeling*, 2025 WL 835761, at *3 (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

In short, "a municipality's liability for a constitutional violation attaches only if the violation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise an official or employee." *Seeling*, 2025 WL 835761, at *3 (quoting *Tirado v. City of Minneapolis*, 521 F. Supp. 3d 833, 840 (D. Minn. 2021)). This means a municipality is not "vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011).

After reviewing the Objections and Notices, the Court finds there is insufficient evidence to support Plaintiff's *Monell* claim. While Plaintiff flags instances of officers showing up at his house, the record indicates that this has occurred only twice. This is not a repetitive pattern that the Court would classify as a multi-year pattern of harassment. Further, the specific actions of the officers do not appear to be municipality dictated. Therefore, Plaintiff is asking the Court to draw conclusions that do not exist in the facts.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that the Report and Recommendation is proper and is **ADOPTED IN ITS ENTIRETY.** Accordingly, Plaintiff's case will be **STAYED** and **ADMINISTRATIVELY TERMINATED. IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order (Doc. 10) is **DENIED AS MOOT**.

**IT IS SO ORDERED** this 17th day of September 2026.

*/s/ David Clay Fowlkes*
DAVID CLAY FOWLKES
UNITED STATES DISTRICT JUDGE